UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**FOREST L. FATE, SR.,**

        *Plaintiff*,

  *-vs-*

**NURSE JULIENNO, MPH, LNA, CCHP, ACA, as the MEDICAL ADMINISTRATOR at the ROCKLAND COUNTY CORRECTIONAL FACILITY s/h/a NURSE JULIEANNO a/k/a JOULIANA PETRANKER, SHERIFF FALCO, ED DAY, COUNTY COMMISSIONER and CORRECT CARE SOLUTIONS MEDICAL DEPT.,**

        *Defendants*.

Civil No. 19-cv-5519-NSR

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CORRECT CARE SOLUTIONS, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

                      **BARCLAY DAMON LLP**

                      Paul A. Sanders, Esq.
                      *Attorneys for Defendant*
                      *Correct Care Solutions*
                      Office and Post Office Address
                      100 Chestnut Street, Suite 2000
                      Rochester, New York 14604
                      Telephone: (585) 295-4426
                      Email: psanders@barclaydamon.com

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS .....................................................................................................1

ARGUMENT ..........................................................................................................................2

    POINT I:  STANDARD FOR FED. R. CIV. P. 12(b)(6) MOTION ...............................2

    POINT II: THE COMPLAINT FAILS TO ADEQUATELY ALLEGE A 42 U.S.C. §1983 *MONELL* CLAIM AGAINST CCS ............................................................3

    POINT III: THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS ..................5

    POINT IV:  ANY REQUEST BY PLAINTIFF FOR PUNITIVE DAMAGES MUST BE DENIED ................................................................................................6

CONCLUSION .......................................................................................................................6

19793743.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Orange County*,
 2015 U.S. Dist. LEXIS 126021 (S.D.N.Y. Sept. 1, 2015) ........................................................ 4

*Arroyo v. City of Buffalo*,
 2017 U.S. Dist. LEXIS 113257 (W.D.N.Y. July 20, 2017) ...................................................... 2

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................................. 2

*Barrett v. Newburgh*,
 2014 U.S. Dist. LEXIS 36841 (S.D.N.Y. Mar. 18, 2014) ........................................................ 5

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 554 (2007) .................................................................................................................. 2

*Bennett v. Care Corr. Solution Med. Contractor*,
 2017 U.S. Dist. LEXIS 44775 (S.D.N.Y. Mar. 24, 2017) ........................................................ 5

*Carr v. County of Sullivan*,
 2018 U.S. Dist. LEXIS 131667 (S.D.N.Y. Aug. 3, 2018) ........................................................ 4

*D'Attore v. New York City*,
 2011 U.S. Dist. LEXIS 91947 (S.D.N.Y. June 2, 2011) .......................................................... 5

*D'Attore v. New York City*,
 2011 U.S. Dist. LEXIS 91944 (S.D.N.Y. Aug. 16, 2011) ........................................................ 5

*Dawkins v. Gonyea*,
 646 F. Supp. 2d 594 (S.D.N.Y. 2009) ...................................................................................... 2

*Hill v. Curcione*,
 657 F.3d 116 (2d Cir. 2011) ..................................................................................................... 2

*Javid v. Scott*,
 913 F. Supp. 223 (S.D.N.Y. 1996) ........................................................................................... 3

*Jayner v. Greiner*,
 195 F. Supp. 2d 500 (S.D.N.Y. 2002) ...................................................................................... 2

*Lee v. Edwards*,
 101 F.3d 805 (2d Cir. 1996) ..................................................................................................... 6

*McClean v. County of Westchester*,
   2018 U.S. Dist. LEXIS 204269 (S.D.N.Y. Dec. 3, 2018) ......................................................4

*Mena v. City of New York*,
   2014 U.S. Dist. LEXIS 131322 (S.D.N.Y. Sept. 17, 2014)....................................................4

*Mercano v. City of New York*,
   2017 U.S. Dist. LEXIS 73000 (S.D.N.Y. May 12, 2017).......................................................4

*In re Merrill Lynch Ltd. Partnerships Litig.*,
   154 F.3d 56 (2d Cir. 1998)......................................................................................................5

*Monell v. Dep't of Soc. Servs.*,
   436 U.S. 658 (1978)........................................................................................................ *passim*

*Phillips v. City of Middletown*,
   2018 U.S. Dist. LEXIS 163308 (S.D.N.Y. Sept. 24, 2018)....................................................4

*Rojas v. Alexander's Dep't Store, Inc.*,
   924 F.2d 406 (2d Cir. 1990)....................................................................................................3

*Skyers v. Sommer*,
   2016 U.S. Dist. LEXIS 112304 (S.D.N.Y. Aug. 23, 2016) ....................................................5

*Smith v. Wade*,
   461 U.S. 30 (1983)..................................................................................................................6

*Walker v. City of New York*,
   2012 U.S. Dist. LEXIS 103792 (S.D.N.Y. July 24, 2012) .....................................................4

*Zherka v. City of New York*,
   459 Fed. App'x 10 (2d Cir. 2012)...........................................................................................4

**Statutes**

42 U.S.C. §1983.................................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................1, 2, 6

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in support of the Motion to Dismiss Plaintiff's Amended Complaint by defendant Correct Care Solutions, LLC ("CCS" or "Defendant"), pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.

Plaintiff Forest L. Fate, Sr. ("Plaintiff") alleges that he was not timely provided with hearing aids at Rockland County Jail ("RCJ") (*see* Paul Sanders Declaration, Exhibit "A" (*Dkt.* 18) (hereinafter, "Ex. A")).

To the extent Plaintiff intended to assert a cause of action against CCS (it is named in the caption but not mentioned substantively in the pleading), it should be dismissed as Plaintiff has failed to plead any of the criteria required to state a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

This Court should otherwise decline to exercise supplemental jurisdiction over any State law claims (which are otherwise not properly pled).

Finally, although it is unclear, Plaintiff may be asserting an Americans with Disabilities Act claim against one of the non-moving defendants (*see* Ex. A, pp. 4-5). Because that claim is not directed at CCS, it is not addressed in this motion.

The action should be dismissed in its entirety as to CCS.

**STATEMENT OF FACTS**

Plaintiff's primary allegation concerns the denial of hearing aids, but he does not allege CCS was responsible for that depravation. Specifically, Plaintiff alleges that his hearing aids were misplaced during his arrest on January 4, 2019, and that upon his transfer to the RCJ on March 14, 2019 he was denied hearing aids (Ex. A, pp. 4-5). Plaintiff alleges that one of the non-moving individual non-moving defendants was responsible for not obtaining hearing aids

and did not provide proper accommodations after his audiometry examination in April 2019 indicated hearing loss (Ex. A, pp. 4-5, 7).

CCS is named in the caption, but there are no factual allegations directed at CCS (*see generally* Ex. A).

## ARGUMENT

### POINT I

### STANDARD FOR FED. R. CIV. P. 12(b)(6) MOTION

"To survive a motion to dismiss, . . . a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Arroyo v. City of Buffalo*, 2017 U.S. Dist. LEXIS 113257, *11 (W.D.N.Y. July 20, 2017), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

Although documents filed *pro se* are to be liberally construed by the Court (*see Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), even *pro se* pleadings "must contain factual allegations sufficient to raise a 'right to relief above the speculative level'" (*Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009), quoting *Twombly*, 550 U.S. at 555). Thus, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it for him." *Jayner v. Greiner*, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002) (internal citation omitted).

As set forth below, the Amended Complaint fails to state a claim against CCS.

19793743.1

**POINT II**

**THE AMENDED COMPLAINT FAILS TO ADEQUATELY ALLEGE A 42 U.S.C. §1983 *MONELL* CLAIM AGAINST CCS**

Despite naming CCS as a defendant, Plaintiff does not assert a cause of action against it. To be comprehensive, the following discusses Plaintiff's failure to allege municipal liability.

Liability under 42 U.S.C. § 1983 against a municipal entity cannot be imposed vicariously or pursuant to the doctrine of *respondeat superior*. *See Javid v. Scott*, 913 F. Supp. 223, 231 (S.D.N.Y. 1996). The same is true for private entities, such as CCS. *See Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) ("Private employers are not liable under § 1983 for the constitutional torts of their employees . . . unless the plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort.") (internal citations omitted).

Critically, Plaintiff does not name any individual CCS medical staff as defendants. He names only CCS itself, an entity with limited involvement in correctional medical care at the RCJ. As such, any claim against CCS must satisfy the criteria set forth in *Monell*. Preliminarily, because Plaintiff does not allege any individual CCS medical staff engaged in wrongdoing, there is no underlying deprivation to support a *Monell* claim as to CCS.

Regardless, the Amended Complaint does not allege facts relevant to a *Monell* claim: (1) it does not allege a formal policy related to deliberate indifference to inmates' serious medical needs, specifically the issues of which Plaintiff complains, i.e. the treatment of hearing problems; (2) it does not allege other instances, let alone widespread constitutional deprivations caused by a specific custom, practice, or policy; and (3) it does not allege deliberate indifference by any individual CCS official, supervisor, or policymaker.

3

It is well established that "*Monell* claims must still meet the plausibility standard of *Twombly* and *Iqbal*". *Walker v. City of New York*, 2012 U.S. Dist. LEXIS 103792, *10 (S.D.N.Y. July 24, 2012); *see Phillips v. City of Middletown*, 2018 U.S. Dist. LEXIS 163308, *24-25 (S.D.N.Y. Sept. 24, 2018) ("While a court may not apply a heightened pleading standard to *Monell* claims, boilerplate conclusions as to municipal liability will not suffice, even at this early stage of the litigation.") (internal quotation marks and citations omitted).

Bare, conclusory allegations are insufficient to state a claim. *See e.g. Zherka v. City of New York*, 459 Fed. App'x 10, 12 (2d Cir. 2012) ("[T]he mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."). This Court has consistently dismissed *Monell* claims where the plaintiff failed to assert more than conclusory allegations of customs and practices by municipal defendants. *See e.g. McClean v. County of Westchester*, 2018 U.S. Dist. LEXIS 204269, *61 (S.D.N.Y. Dec. 3, 2018) (dismissing *Monell* claims where Plaintiff offered "only conclusory allegations" of customs and practices that purportedly amounted to "deliberate indifference," and provided "no facts to plausibly support this conclusion"); *Carr v. County of Sullivan*, 2018 U.S. Dist. LEXIS 131667, *11 (S.D.N.Y. Aug. 3, 2018) (same); *Mercano v. City of New York*, 2017 U.S. Dist. LEXIS 73000, *7 (S.D.N.Y. May 12, 2017) (same); *Adams v. Orange County*, 2015 U.S. Dist. LEXIS 126021, *12 (S.D.N.Y. Sept. 1, 2015) (same).

Plaintiff does not even attempt to state a *Monell* claim (boilerplate or otherwise). The only mention of CCS in the Amended Complaint is in the caption. Consequently, the Complaint should be dismissed as to CCS. *See e.g. Mena v. City of New York*, 2014 U.S. Dist. LEXIS 131322, *7-8 (S.D.N.Y. Sept. 17, 2014) (dismissing a *Monell* claim where, although the municipal defendant was named in the caption of the complaint, the plaintiff did not allege "the

4

19793743.1

existence of any official city policy or custom, much less that the deprivation of his rights was caused by such a policy or custom"); *D'Attore v. New York City*, 2011 U.S. Dist. LEXIS 91947, *33 (S.D.N.Y. June 2, 2011) ("The City of New York is listed in the caption as one of the six defendants, but plaintiff does not mention it anywhere else throughout the complaint . . . He therefore fails to plead a cognizable claim against the City."), *adopted by* 2011 U.S. Dist. LEXIS 91944 (S.D.N.Y. Aug. 16, 2011).

Moreover, Plaintiff's allegations do not address medical treatment beyond that provided to Plaintiff, which is likewise insufficient to state a claim. *See Barrett v. Newburgh*, 2014 U.S. Dist. LEXIS 36841, *7 (S.D.N.Y. Mar. 18, 2014) ("proof of a 'single incident' alleged in the complaint" does not show municipal policy); *D'Attore*, 2011 U.S. Dist. LEXIS 91947, at *34-35 (same).

## POINT III

### THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

To the extent Plaintiff's claims could be construed to allege state law claims,[1] and if it is determined that any state law claims survive this motion to dismiss, the Court should decline to exercise supplemental jurisdiction over those claims. *See Bennett v. Care Corr. Solution Med. Contractor*, 2017 U.S. Dist. LEXIS 44775, *29 (S.D.N.Y. Mar. 24, 2017) ("As a general rule, the Second Circuit and the Supreme Court 'have held that when the federal claims are dismissed the state law claims should be dismissed as well.'"), quoting *In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998).

---

[1] It is respectfully submitted that Plaintiff did not plead the requisite elements of medical malpractice. *See e.g. Skyers v. Sommer*, 2016 U.S. Dist. LEXIS 112304, *16-17 (S.D.N.Y. Aug. 23, 2016).

# POINT IV

## ANY REQUEST BY PLAINTIFF
## FOR PUNITIVE DAMAGES MUST BE DENIED

To the extent Plaintiff's prayer for relief includes a request for punitive damages with respect to CCS (*see* Ex. A, p. 5), such a claim cannot survive because Plaintiff has not alleged any facts indicating that CCS's conduct was "motivated by evil motive or intent" or that CCS exhibited "reckless or callous indifference" to his federally protected rights. *Lee v. Edwards*, 101 F.3d 805, 808 (2d Cir. 1996), quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983). As stated above (*see supra*, Point II), no conduct or omission by CCS is alleged in the Amended Complaint—CCS is merely named in the caption.

## CONCLUSION

Defendants' Motion to Dismiss under Rule 12(b)(6) should be granted for the reasons set forth above. This Court should also grant any additional relief that it deems appropriate.

| | |
|---|---|
| **DATED:** February 12, 2020 | **BARCLAY DAMON LLP** |

By:   */s/ Paul A. Sanders*
      Paul A. Sanders

*Attorneys for Defendant*
*Correct Care Solutions*
Office and Post Office Address
100 Chestnut Street, Suite 2000
Rochester, New York 14604
Telephone: (585) 295-4426
Email: psanders@barclaydamon.com

19793743.1