UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FOREST L. FATE,

                              Plaintiff,                    Docket No.:
                                                                         19-CV-5519 (NSR)

                          -against-

JOULIANA PETRANKER, SHERIFF FALCO, ED DAY,
and CORRECT CARE SOLUTIONS,

                                Defendants.
-----------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF COUNTY DEFENDANTS'**
**MOTION TO DISMISS PURSUANT TO RULE 12(c)**


                                                                       Saretsky Katz & Dranoff, L.L.P.
                                                                       Attorneys for County Defendants
                                                                       475 Park Avenue South, 26th Floor
                                                                        New York, New York 10016
                                                                        (212) 973-9797

# TABLE OF CONTENTS
**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT............................................................................................1

STATEMENT OF FACTS .....................................................................................................2

ARGUMENT...........................................................................................................................4

    I.     INDIVIDUALS CANNOT BE HELD LIABLE UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT.........................................................4

    II.    PLAINTIFF FAILS TO STATE AN A.D.A CLAIM BECAUSE HE DOES NOT CLAIM HIS ALLEGED MISTREATMENT WAS *MOTIVATED BY* HIS ALLEGED DISABILITY ................................................................................5

    III.   § 1983 INDIVIDUAL CAPACITY CLAIMS AGAINST DAY AND FALCO: PLAINTIFF FAILS TO PLEAD PERSONAL INVOLVEMENT ..........6

    IV.   § 1983 OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANTS DAY AND FALCO: PLAINTIFF FAILS TO ASSERT A *MONELL* CLAIM................8

    V.     INJUNCTIVE RELIEF......................................................................................10

    VI.    PUNITIVE DAMAGES....................................................................................10

CONCLUSION .....................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                 **PAGE**

*Allen v. Antal,*
665 F. App'x 9 (2d Cir. 2016) .................................................................................... 7, 8, 9

*Alster v. Goord,*
745 F. Supp. 2d 317 (SDNY 2010) .................................................................................. 10

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S.Ct. 1937 (2009) ............................................................................. 6, 7, 8

*Barnes v. Gorman,*
536 U.S. 181 (2002) ............................................................................................................. 10

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ............................................................................................................. 7, 8

*Board of the Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,*
520 U.S. 397 (1997) ............................................................................................................. 9

*Burris v. Hous. & Servs. Inc.,*
2019 WL 1244494 (SDNY 2019) .................................................................................... 4

*Canton v. Harris,*
489 U.S. 378 (1989) ............................................................................................................. 9

*Carrion v. Singh,*
2013 WL 639040 (EDNY 2013) ..................................................................................... 7, 8

*Carrion v. Wilkinson,*
309 F.Supp.2d 1007 (N.D.Ohio 2004) ............................................................................. 6

*City of Newport v. Fact Concerts, Inc.,*
453 U.S. 247 (1981) ............................................................................................................. 10

*Elbert v. N.Y. State Dep't of Corr. Servs.,*
751 F. Supp. 2d 590 (SDNY 2010) .................................................................................. 5

*Garcia v. SUNY Health Scis. Ctr. of Brooklyn,*
280 F.3d 98 (2d Cir. 2001) ................................................................................................. 4, 5

*Hallett v. New York State Dep't of Correctional Servs.,*
109 F.Supp.2d 190 (SDNY 2000) ..................................................................................... 4-5

*Hargrave v. Vermont*,
340 F.3d 27 (2d Cir. 2003)..................................................................................................5

*Lee v. State of New York Dep't of Correctional Servs.*,
1999 WL 673339 (SDNY 1999)..........................................................................................5

*Lore v. City of Syracuse*,
670 F.3d 127 (2d Cir. 2012)..................................................................................................8

*Monell v. Dept. of Social Svcs. of City of New York*,
436 U.S. 658 (1978)................................................................................................... 1, 8-9

*Muhammad v. Annucci*,
2020 WL 264104 (SDNY Jan. 17, 2020) ..........................................................................10

*Nails v. Laplante*,
596 F.Supp.2d 475 (D.Conn.2009)................................................................................. 5-6

*Oklahoma v. Tuttle*,
471 U.S. 808 (1985)..............................................................................................................9

*Posr v. City of New York*,
2012 WL 4378049 (SDNY 2012)................................................................................... 7-8

*Prins v. Coughlin*,
76 F.3d 504 (2d Cir.1996)..................................................................................................10

*Sarus v. Rotundo*,
831 F.2d 397 (2d Cir. 1987)................................................................................................9

*Stone v. Dep't of Investigation*,
1992 WL 25202 (SDNY 1992)............................................................................................7

*Torrez v. Semple*,
2018 WL 2303018 (D. Conn. 2018) ..................................................................................5

*Wright v. Smith*,
21 F.3d 496 (2d Cir. 1994)..................................................................................................7

| **STATUTES** | **PAGE** |
|---|---|
| 42 U.S.C. §1983 | 1, 6-10 |
| 42 USC § 12131 | 4 |
| 42 USC § 12132 | 4 |

## PRELIMINARY STATEMENT

Plaintiff's Americans With Disabilities Act claim against defendants for failure to accommodate his medical needs, such a claim does not lie against an individual, and, thus, should be dismissed as against defendants Jouliana Petranker, Louis Falco III (s/h/a "Sheriff Falco") and Ed Day (jointly "the County Defendants") in their individual capacities.

Further, to the extent that plaintiff asserts an A.D.A. claim against defendants in their official capacities, he fails to state a claim because such a cause of action because he fails to plead facts plausibly establishing that his alleged mistreatment was motivated by his alleged disability.

As to plaintiff's §1983 causes of action against Rockland County Executive Ed Day and Rockland County Sheriff Louis Falco, to the extent that this claim is asserted against them in their individual capacities, he fails to state a cause of action because he does not even mention them in the body of the Amended Complaint, and thus sets forth no basis for a finding of individual action.

With regard to any claims against Day and Falco in their official capacities, these are claims against the County itself and plaintiff has failed to plead a *Monell* policy, so as to hold the County liable.

Moreover, injunctive relief is not available as a matter of law because plaintiff has been transferred out of the Rockland County Correctional facility. And finally, as a matter of law, punitive damages are not available at all under the A.D.A., and are not available under § 1983 for any official capacity claims.

## STATEMENT OF FACTS

The following allegations are taken from plaintiff's Amended Complaint. (Ex. "A")

On January 14, 209 plaintiff Forest Fate was arrested by the U.S. Marshals in North Carolina for an unspecified crime. (Ex. "A", Pgs. 4, 5) In the course of his arrest, someone lost his hearing aids and glasses. (Ex. "A", Pg. 4) On March 14, 2019, plaintiff was transferred from a North Carolina jail to the Rockland County Correctional Facility ("the Jail"). (*Id*)

Upon being admitted to the Jail, plaintiff, a pre-trial detainee at the time, allegedly told the Jail's medical administrator, Jouliana Petranker, about losing his hearing aids. (*Id*) Ms. Petranker allegedly said that he would not get replacement hearing aids at the Jail, that the Jail did not have a contract with a hearing specialist in the area, and that he could wait until he was transferred to a facility upstate (upon conviction) or released. (*Id*)

At a meeting with the Jail's doctor, Ms. Petranker allegedly told the doctor that plaintiff was not getting hearing aids until he was sent "upstate". (*Id*) The doctor recommended that plaintiff go for audiological testing. (*Id*) The doctors who performed the audiological testing said that plaintiff's hearing in his left ear was too poor for a hearing aid to be helpful, but recommended a hearing aid for his right ear. (*Id*) Allegedly, when Ms. Petranker received the audiology testing she refused to obtain a hearing aid for plaintiff or provide "reasonable accommodations". (Ex. "A", P. 5) Plaintiff's Amended Complaint does not indicate what, if any, reasonable accommodations he sought. (Ex. "A") Ms. Petranker did say that a notice that plaintiff was hearing impaired would be placed on his cell door, and she recommended that he find someone to help him keep track of time. (*Id*) Ms. Petranker did not place a sign on his cell door regarding his hearing impairment. (*Id*) She allegedly told the doctors not to send him to obtain hearing aids because she did not think that he needed them. (*Id*)

As a result of the absence of a right hearing aid, plaintiff has allegedly missed some meals and has difficulty talking on the telephone. *(Id)* However, plaintiff was given access to e-mail to communicate with family. *(Id)*

Although plaintiff alleges that "there are other medical conditions that this nurse has neglected and prevented from being addressed", he does not specify what they are. *(Id)*

Plaintiff filed his Complaint in this case on June 7, 2019. (Ex. "A") On August 20, 2019 he filed an Amended Complaint (Ex. "B")

Neither the Complaint (PACER Doc. 1) nor the Amended Complaint (Ex. "A") mention Rockland County Sheriff Louis Falco III or Rockland County Executive Ed Day anywhere other than the caption of the case, and neither document contains any allegations of wrongdoing by either Falco or Day.

# ARGUMENT

## I. INDIVIDUALS CANNOT BE HELD LIABLE UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff's Amended Complaint should be dismissed as against all the County defendants to the extent that it asserts claims under the Americans With Disabilities Act. Plaintiff's original Complaint is entitled "Re: Hearing Aids Reasonable Accommodations". (PACER Doc. 1) Thereafter, in his Amended Complaint, he contends that defendant Petranker, "refuse[d] to get me a hearing aid or any reasonable accommodations." (Ex. "A", Pgs. 4-5) Based on these references to "reasonable accommodations", plaintiff appears to be asserting a claim pursuant to Title II of the Americans With Disabilities Act (42 USC § 12132), which states "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity...", and which concerns itself with whether a plaintiff is entitled to a "reasonable accommodation" in various contexts. See 42 USC § 12131 ("The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices... or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.").

However, it is established that Title II of the ADA does not provide for individual capacity suits against municipal officials. See *Garcia v. SUNY Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001). See also *Burris v. Hous. & Servs. Inc.*, 2019 WL 1244494, at *5 (SDNY 2019) ("individuals cannot be held liable under the ADA... The plaintiff's... claims made under the ADA... against the three individual defendants are therefore dismissed with prejudice."); *Hallett v.*

*New York State Dep't of Correctional Servs.*, 109 F.Supp.2d 190, 199–200 (SDNY 2000); *Lee v. State of New York Dep't of Correctional Servs.*, 1999 WL 673339, at *13 n. 14 (SDNY 1999).

In light of the absence of individual liability under Title II of the ADA, plaintiff's ADA claims against Petranker, Day and Falco in their individual capacities must be dismissed.

## II. PLAINTIFF FAILS TO STATE AN A.D.A CLAIM BECAUSE HE DOES NOT CLAIM HIS ALLEGED MISTREATMENT WAS *MOTIVATED BY* HIS ALLEGED DISABILITY

To the extent that plaintiff is asserting a claim against the County defendants in their official capacities, that is, making a claim against the County, "To state a claim under the ADA, a plaintiff must plead "(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003). "Most importantly, a plaintiff must allege that his mistreatment was motivated by either discriminatory animus or ill will due to disability." *Torrez v. Semple,* 2018 WL 2303018, at *7 (D. Conn. 2018), citing *Elbert v. N.Y. State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 594-95 (SDNY 2010) and *Garcia*, 280 F.3d at 112. Thus, as to the third element, this Court has stated that "Courts routinely dismiss ADA suits by disabled inmates that allege inadequate medical [or mental health] treatment, but do not allege that the inmate was treated differently because of his disability." *Elbert*, 751 F. Supp. 2d at 596 (Karas, DJ) (collecting cases). See *Torrez*, 2018 WL 2303018, at *8 (Plaintiff's ADA complaint, based on failure to provide a wheelchair-equipped cell, failed because, "[plaintiff's] claim is that he should have been treated differently because of his disability. This allegation does not meet the third requirement of an ADA claim."); *Nails v. Laplante*, 596 F.Supp.2d 475, 481–82 (D.Conn.2009)

(dismissing inmate's ADA claim, which focused on inadequate medical care, because the complaint "d [id] not include any non-conclusory allegations of discriminatory animus or ill will based on his disability and identifie[d] no program he could not participate in or any service that was denied as a result of his disability"); *Carrion v. Wilkinson*, 309 F.Supp.2d 1007, 1016 (N.D.Ohio 2004) ("[Plaintiff] failed to allege that the defendants denied him the benefits of any services, programs, or activities provided for other non-disabled inmates, or that [the defendants] subjected him to discrimination because of his diabetes. Instead, he claims that he was denied a diabetic diet ... [but this] is not the type of claim that the ADA ... [was] intended to cover.")

Plaintiff here does not claim that he was treated differently *because of* his disability. Rather, he claims that he *should* have been treated differently, but was not – i.e., he should have been given a hearing aid. In terms of motivation, plaintiff characterizes Petranker as saying that he would not be provided with a hearing aid because "she doesn't think I need them anymore" (Ex. "A", Pg. 5, § V, 5th Line) and "the Jail doesn't have a contract with any hearing specialist in this area" (Ex. "A", Pg. 4, § V, 9th Line). Thus, while plaintiff asserts that he was not provided with adequate medical care, he fails to plead sufficient facts to plausibly allege disability-motivated discrimination.

### III. § 1983 INDIVIDUAL CAPACITY CLAIMS AGAINST DAY AND FALCO: PLAINTIFF FAILS TO PLEAD PERSONAL INVOLVEMENT

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), the Supreme Court held that in order to sufficiently plead a claim, a complaint must state specific facts sufficient to meet a "plausibility" requirement. Specifically, the *Iqbal* court wrote:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more

than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief....

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Id.*, (citations and quotations omitted).

Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly, supra* at 557.

In terms of plaintiff's §1983 claims against defendants Day and Falco, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under *[section] 1983.*'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). See also *Allen v. Antal*, 665 F. App'x 9, 14 (2d Cir. 2016) (same).

Therefore, to state a cause of action, a §1983 claim against an individual must plead sufficient facts to establish that the individual personally violated the plaintiff's rights, and the assertions must rise above the level of the merely possible. Facts that fail to "nudge a plaintiff's claims across the line from 'conceivable to plausible'" are insufficient to state a cause of action. *Iqbal*, 129 S. Ct. at 1950-51 (2009). See *Allen, supra* ("Allen's complaint is devoid of any facts suggesting the personal involvement of any county defendants in the acts that form the basis of his federal claims. The district court properly dismissed those claims against the individual county defendants.") This is true even as to a *pro se* plaintiff, who, "must still plead enough facts to state a claim that is plausible on its face." *Carrion v. Singh*, 2013 WL 639040, *3 (EDNY 2013), *citing Stone v. Dep't of Investigation*, 1992 WL 25202, *2 (SDNY 1992). See also *Posr v. City of New*

*York*, 2012 WL 4378049, at *6 (SDNY 2012) ("Although a *pro se* complaint will be liberally construed, in pleading an action under Section 1983, a *pro se* plaintiff bears the burden of alleging deprivation of a federally protected right."). Thus, "dismissal is... warranted where a *pro se* plaintiff has clearly failed to meet the minimum pleading requirements." *Carrion v. Singh, supra*.

Here, as in *Allen, supra*, plaintiff's Amended Complaint is completely devoid of any allegations of personal involvement by Day or Falco. It does not even include "labels and conclusions" as to defendants Day and Falco. In fact, it does not mention Day or Falco anywhere but the caption. As such, the Amended Complaint plainly fails to state a § 1983 cause of action against them in their individual capacities, and these claims should be dismissed as against Day and Falco.

## IV. § 1983 OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANTS DAY AND FALCO: PLAINTIFF FAILS TO ASSERT A *MONELL* CLAIM

Naming a public official in his official capacity is simply another way of naming the municipality itself. *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012). Thus, to the extent that plaintiff's suit against Day and Falco is intended as a § 1983 claims asserted against them in their official capacities, it is actually a suit against the County of Rockland and, pursuant to *Monell v. Dept. of Social Svcs. of City of New York*, 436 U.S. 658, 694 (1978), must plead that the actions allegedly taken against plaintiff were the result of a County policy, and set forth sufficient support for the allegation to meet the meet the *Iqbal* and *Twombly* pleading standards.

In this regard, it has long been established that:

[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983.

*Monell*, 436 U.S. at 694. Thus, *respondeat superior* or vicarious liability will not attach to a municipality under §1983 (*Id.*, 436 U.S. at 694-695) and "[i]t is only when the 'execution of the government's policy or custom... inflicts the injury' that the municipality may be held liable under § 1983." *Id.*, 436 U.S. at 694). See also *Board of the Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 400, 403 (1997) (Municipality only liable under §1983 if it was the "moving force" behind the plaintiff's deprivation of federal rights, and cannot be held liable solely because it employs a tortfeasor.). Consequently, the first inquiry in any case alleging municipal liability under §1983 is the question of whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Canton v. Harris*, 489 U.S. 378, 385 (1989). If there is no such connection, the case must be dismissed. See *Allen*, 665 F. App'x at 14 ("Allen has failed to plead plausibly the existence of an official municipal policy or custom that resulted in the deprivation of his constitutional rights.").

A court can infer a municipal policy from acts or omissions of the municipality's policy makers. *Canton*, 489 U.S. at 387-88. However, outside of a policy maker's actions, "a single incident of errant behavior is an insufficient basis for finding that a municipal policy caused plaintiff's injury." *Sarus v. Rotundo*, 831 F.2d 397, 402-03 (2d Cir. 1987), citing *Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Here, plaintiff does not plead the involvement of any County policy and does not claim that Day or Falco personally engaged in any conduct that caused plaintiff's alleged harm. Rather, he appears to name Day and Falco in the caption simply by virtue of their stature as the County Executive and the Rockland County Sheriff respectively in an attempt to hold them vicariously liable for the alleged act of Petranker. Thus, because plaintiffs failed to plead any County policy that

allegedly resulted in the denial of hearing aids, his §1983 claims against Day and Falco in their official capacities fails as a matter of law and should be dismissed.

## V. INJUNCTIVE RELIEF

To the extent that the Amended Complaint seeks injunctive relief against the County defendants – *inter alia*, "that this Nurse Administrator not be allowed to make decisions for doctors"[1] (Ex. "A", § VI) - "[i]t is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin,* 76 F.3d 504, 506 (2d Cir.1996) *Alster v. Goord,* 745 F. Supp. 2d 317, 332 (SDNY 2010). Here, plaintiff was transferred from the Jail to Downstate Correctional Facility in September 2019, and thereafter was transferred to Five Points Correctional Facility. (PACER documents 26 and 44) Therefore, his claim for injunctive relief is moot as against all defendants and should be dismissed.

## VI. PUNITIVE DAMAGES

Although the Amended Complaint seeks recovery of punitive damages, such damages are not available under the A.D.A. at all. *Barnes v. Gorman,* 536 U.S. 181, 189–90 (2002); *Muhammad v. Annucci,* 2020 WL 264104, at *5 (SDNY Jan. 17, 2020) ("[T]he ADA does not allow for punitive damages in private suits.") Further, as to plaintiff's § 1983 claims, the Supreme Court has held that municipalities are immune from punitive damages except where expressly authorized by statute (*City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 259–63 (1981)), and § 1983 does not provide for punitive damages against municipalities. Thus, should any official capacity claims survive, punitive damages are not available since such claims are actually claims against the County.

## CONCLUSION

Based on all of the foregoing, the Rockland County defendants respectfully requests that plaintiff's Amended Complaint be dismissed pursuant to F.R.C.P. 12(c).

Dated: New York, New York
February 13, 2020

Saretsky Katz & Dranoff, L.L.P.
Attorneys for the County Defendants

By: /s/ Robert B. Weissman
Robert B. Weissman (RW 0512)

475 Park Avenue South, 26th Floor
New York, New York 10016
(212) 973-9797

---

1. The County defendants note that Ms. Petranker is an administrator, and does not make treatment decisions at the Jail, for doctors or otherwise. However, defendants recognize that this is a factual issue that cannot be decided on the pleadings.