UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOREST FATE SR.,

                           Plaintiff,

           -against-

JOULIANA PETRANKER, et al.,

                           Defendants.

**ORDER**

No. 19-CV-05519

PHILIP M. HALPERN, United States District Judge:

This action was dismissed on July 8, 2022 by Memorandum Opinion and Order granting Defendant's motion for summary judgment ("July 2022 Summary Judgment Order").[1] (Doc. 143). The Clerk of Court entered Judgment and closed the case on July 11, 2022. (Doc. 144).

On January 6, 2026, Plaintiff filed two letters, which taken together, requested that the Court "reopen" and "reconsider" his case. (Docs. 146, 147). The Court directed Defendants to respond, which they did on January 9, 2026. (Doc. 59). The Court construes Plaintiff's request as a motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b).[2]

For the reasons set forth below, Plaintiff's motion is DENIED.

As a threshold matter, "[a]ll Rule 60(b) motions must 'be made within a reasonable time,' Fed. R. Civ. P. 60(b)[,] . . . and motions under Rule 60(b)(1), (2) and (3) must be made within one year after the judgment." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citing

---

[1] This decision is available on commercial databases. *See Fate v. Petranker*, No. 15-CV-05519, 2022 WL 2672317 (S.D.N.Y. July 8, 2022).

[2] Although Plaintiff does not specify any particular rule under which he moves, the spirit of his letters indicates that he is moving for reconsideration under Rule 60(b). (*See* Docs. 146, 147). While it is similarly unclear as to which provision of this rule Plaintiff attempts to invoke, the Court construes his references to "Nurse Joulianna" and her alleged "false reports" made to the "New York State Prison Dept," as moving under Rule 60(b)(2). *See* Fed. R. Civ. P. 60(b)(2). It does not appear to the Court that any other grounds set forth in Rule 60 are invoked by Plaintiff's letters.

*United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)).[3] "The Second Circuit has found delays as short as 18 months unreasonable and thus untimely." *Spurgeon v. Lee*, No. 11-CV-00600, 2019 WL 569115, at *2 (E.D.N.Y. Feb. 11, 2019) (quoting Fed. R. Civ. P. 60(c)); *see also Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76 (2d Cir. 1995) (finding district court did not abuse its discretion in denying relief under Rule 60(b) where delay was over one year).

Almost four years after this Court granted summary judgment and the Clerk of Court entered Judgment closing this case, Plaintiff now seeks to "reopen" and "renew" this case. The Court is therefore well within its authority to deny Plaintiff's relief as untimely, as Plaintiff's request was plainly not made "within one year after the judgment," nor "within a reasonable time." *Kamdem-Ouaffo v. Balchem Corp.*, No. 17-CV-02810, 2025 WL 935203, at *1 (S.D.N.Y. Mar. 27, 2025).[4]

Even assuming the application was timely, Plaintiff's motion would also fail on the merits. Under Rule 60(b)(2), relief from judgment is permissible only where a movant establishes "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). However, Plaintiff fails to set forth any "newly discovered evidence," other than scattered references to allegations that he otherwise could have included in an opposition to Defendant's summary judgment motion. (*See* Docs. 146, 147). Notably however, and as detailed in the July 2022 Summary Judgment Order,

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[4] To the extent Plaintiff's letters (Docs. 146, 147) could be construed to be pressed against the Court's July 6, 2020 Opinion and Order dismissing Plaintiff's claims against Defendants Sheriff Falco, Ed Day, and Correct Care Solutions (Doc. 70), the Court similarly denies such request as it was made almost six years "after the judgment," and thus is also untimely as a matter of law. *Kotlicky*, 817 F.2d at 9.

Plaintiff failed to file any opposition brief at all, despite receiving a 90-day extension of time to file. (Doc. 143 at 2).

In any event, a party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, "must present 'highly convincing' evidence, 'show good cause for the failure to act sooner,' and show that 'no undue hardship [would] be imposed on other parties.'" *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020); *Brooks v. Doe Fund, Inc.*, No. 17-CV-3626, 2020 WL 5706451, at *3 (E.D.N.Y. Sept. 24, 2020) ("[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion.")). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court . . . ." *Watts-Devine v. United States*, 616 F. App'x 9, 10 (2d Cir. 2015).

Accordingly, as Plaintiff's request for Rule 60(b) relief is untimely, and as Plaintiff offers no evidence—let alone "highly convincing" evidence—that would warrant vacatur under Rule 60(b), *Axar Master Fund, Ltd.*, 806 F. App'x at 40, the motion must be, and is, denied.

**SO ORDERED:**

Dated: White Plains, New York
      January 22, 2026

_____
Philip M. Halpern
United States District Judge

3